# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

FILOMENA GARCIA, an individual,  :      [__ Civ. ____ (___)(___)]

Plaintiff,  :

v.  :      **COMPLAINT**

CITY OF CAPE CORAL,  :

Defendant.  :

## COMPLAINT & DEMAND FOR JURY TRIAL

FILOMENA GARCIA ("Plaintiff", "GARCIA") by and through her attorneys alleges and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, GARCIA, brings this action against CITY OF CAPE CORAL (hereinafter, "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 (Title VII).

2. Defendant hired GARCIA on April 19, 2004 as a Customer Service Representative. During her tenure at City of Cape Coral, GARCIA had satisfactory job performance and received recognition for satisfactory and outstanding performance. Despite GARCIA's many accomplishments, Defendant subjected her to discrimination and retaliation because she reported sexual harassment. On February 14, 2018, after thirteen (13) years of service to City of Cape Coral, Defendant constructively discharged GARCIA by providing unjustified written reprimands which were under investigated and unsubstantiated and by

otherwise claiming she had issues with her job performance.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Florida, 42 U.S.C. § 2000e-5(f)(3), in that the relevant employment records are maintained in this district, 42 U.S.C. § 2000e-5(f)(3), in that GARCIA worked in this district and would have continued to if the issues discussed herein had not occurred.

5. The City of Cape Coral has its principal office in this district, and there is no other district that has a substantial connection to the claim.

## CONDITIONS PRECEDENT

6. In or around December 15, 2017, GARCIA timely filed a charge of sexual harassment discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

7. On or about October 22, 2018, the EEOC issued GARCIA a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. GARCIA has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

8. GARCIA is a woman who is domiciled in Cape Coral, Florida. Plaintiff is a citizen of the United States of America.

9. GARCIA is an employee, as defined by Title VII.

10. Upon information and belief, City of Cape Coral is a local governmental entity whose principal place of business is in Cape Coral, Florida. Upon information and belief, City of Cape Coral is an employer as defined by Title VII.

**FACTS**

11. GARCIA began working for Defendant on April 19, 2004 as a Customer Service Representative in the Permitting Department.

12. During her tenure, GARCIA had satisfactory job performance.

13. Defendant recognized GARCIA's accomplishments by awarding and recognizing her for outstanding performance, to include an Excellence Award on August 31, 2006 for outstanding teamwork. On May 2008, she received a letter from Steven E. Streder (Customer Support Supervisor) complimenting her excellent service and work ethic. In 2010, she received the "You Make a Difference Award", and the City of Cape Coral gave her numerous pendants to celebrate her performance. GARCIA consistently received positive performance reviews throughout her tenure.

14. On or around January 14, 2016, GARCIA notified Defendant, specifically Vincent Cautero and Paul Dickson, that she had witnessed behavior which she considered to be sexual harassment in the workplace which included the following:

    a. Frank Moreno, a fellow co-worker had made comments that: he was "doing the boss".

    b. Frank Moreno would refer to Diana Jamaica (a former supervisor that Frank Moreno previously dated) as a "Bitch".

c. Frank Moreno pointed out to Filomena Garcia that there were stains on Diana Jamaica's chair and stated "she is dirty, diseased, and her vagina is oozing pus".

d. Frank Moreno constantly discussed topics of an inappropriate sexual nature.

e. Frank Moreno discussed graphic information about his relationship with Diana Jamaica. Frank said Diana did not like to wear underwear, would walk around naked, that Diana's son would listen to Frank and Diana have sexual intercourse.

f. Frank Moreno told a fellow co-worker that Frank's son took pictures of Diana's private parts (unbeknownst to Diana) and put them on Facebook referring to a post as "Diana's Pussy".

15. GARCIA told Vincent Cautero and Paul Dickson that she had asked Frank Moreno to stop and had told him that he was sharing too much information, but Frank Moreno refused to stop.

16. Vincent Cautero and Paul Dickson responded to GARCIA's report of sexual harassment by stating they had "never been through anything like this", but stating "Now, that you've made this claim, we have to do something". They reassured GARCIA that the information would be reported to Human Resources.

17. On or around February 12, 2016, GARCIA sent a written memorandum reporting the sexual harassment to the Human Resources Department with the City of Cape Coral.

18. Soon after reporting the sexual harassment, Defendant began to harass GARCIA by obsessively scrutinizing her work, creating a stressful work environment, and providing her with written reprimands which include but are not limited to:

    a. On August 4, 2016, Defendant issued an "Employee Counseling Record" stating "Communications with other employees are to be conducted professionally in the work place. This reprimand is the result of an outburst which took place during the July 14th staff meeting when you used insulting and inflammatory language towards another employee".

    b. On August 23, 2017, Defendant issued a Written Reprimand: "Filomena interjected herself in a customer service issue in an aggressive and unprofessional manner... She approached a co-worker and berated him in a personal and strident tone"

    c. On October 25, 2017, Defendant issued Employee Written Reprimand stating "It has been substantiated that you made derogatory personal remarks to an external customer about a co-worker"

19. Frank Moreno, the employee engaged in the sexual harassment incidents reported by GARCIA, began to conspire against GARCIA by making false reports to City of Cape Coral management regarding GARCIA and by asking people to file complaints about GARCIA. Defendant did little or nothing to investigate complaints against GARCIA but would immediately reprimand GARCIA and failed to provide GARCIA with information supporting the written reprimands.

20. Examples of false accusations include, but are not limited to:

    a. On December 5, 2017, Frank Moreno falsely accused GARCIA of screaming at him.

    b. On January 25, 2018, Mr. Beckman, a City of Cape Coral supervisor, falsely

accused GARCIA of lunging at a fellow employee and asked GARCIA to sign a "blank" Employee Counseling Record.

21. The City of Cape Coral failed to keep GARCIA's report of sexual harassment confidential which resulted in fellow employees treating GARCIA differently. For example, a co-worker, named Able, yelled at GARCIA during a team meeting stating, "You're trying to ruin a man's life!"

22. The work environment became so stressful for GARCIA that she began suffering from significant stress and anxiety, as demonstrated by high blood pressure, migraine headaches, and a transient ischemic attack (TIA). She was prescribed medicines which include Propranolol and Rizatriptan and attended counseling.

23. All the while, the inappropriate conduct by Frank Moreno continued. In or around September 2017, GARCIA attended a meeting with Human Resources where several female employees collectively reported sexually harassing conduct by Frank Moreno.

24. GARCIA continuously reported the sexual harassment and retaliatory conduct to no avail because the harassment and retaliation continued.

25. GARCIA requested transfers to other City of Cape Coral departments, but those requests were denied.

26. As a result of GARCIA's complaint to the City of Cape Coral, Defendant subjected GARCIA to unlawful retaliation to include, the creation of a stressful work environment, scrutinizing GARCIA's work, preparing and issuing unjustified written reprimands, and requesting that GARCIA sign a "blank" reprimand. The conduct exhibited by Defendant resulted in GARCIA's constructive discharge.

## COUNT ONE

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. §§ 2000e et al.)

27. GARCIA repeats and realleges paragraphs 1 through 26 hereof, as if fully set forth herein.

28. On or around January 29, 2016, February 12, 2016 and in September 2017, GARCIA engaged in protected activity by complaining to Vincent Cautero and Paul Dickson regarding sexual harassment in the workplace.

29. Shortly after GARCIA complained of sexual harassment, Defendant constructively discharged GARCIA on February 14, 2018 because it constantly scrutinized her work, issued her unjustified written reprimands, and failed to investigate complaints against her.

30. GARCIA suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, retirement benefits, medical costs, and the costs of bringing this action.

31. Defendant intentionally violated GARCIA's rights under Title VII, with malice or reckless indifference, and, as a result is liable for punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, retirement benefits, plus interest;

C. In lieu of reinstatement, award Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 29th day of November 2018.

> KNOTT·EBELINI·HART
> *Attorneys for Miracle Plaza*
> 1625 Hendry St., Suite #301
> Fort Myers, FL 33901
> Telephone: (239) 334-2722
> Facsimile: (239) 334-1446
> Primary: kcsott@knott-law.com
> Secondary: jherr@knott-law.com
>
> By:  /s/ Kristie A. Scott
>   Kristie A. Scott, Esq.
>   Florida Bar No. 108111