UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILOMENA GARCIA, an individual,

    Plaintiff,

v.                                      CASE NO. 2:18-cv-790-FtM-38CM

CITY OF CAPE CORAL,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CITY OF CAPE CORAL, by and through its undersigned attorney hereby answers Plaintiff's Complaint and states as follows:

1. Without knowledge and therefore denied.

2. Admitted that Plaintiff was hired as a Customer Service Representative in the Permitting Section of the Building Division of the Department of Community Development. Further admitted that Plaintiff at times performed certain aspects of her job in in an operational standard or above operational standard manner. Further admitted that when facing disciplinary action Plaintiff alleged a co-worker made inappropriate comments of a sexual nature and that approximately 11 months later Plaintiff filed a Charge of Retaliation with the EEOC. Denied that Plaintiff was constructively discharged or retaliated against, and denied in all remaining respects.

3. Admitted for jurisdictional purposes only.

4. Admitted for venue purposes only.

5. Admitted that the City of Cape Coral is a Florida municipal corporation located exclusively in Lee County, Florida within the Middle District of Florida.

6. Admitted that on or about December 15, 2017 Plaintiff filed a Charge of Retaliation with the EEOC. All remaining allegations of this paragraph are denied.

7. Admitted that the EEOC issued a Right to Sue letter dated October 22, 2018. All remaining allegations of this paragraph are denied.

8. Without knowledge and therefore denied.

9. Admitted that Plaintiff was an employee of the City of Cape Coral. All remaining allegations of this paragraph are denied.

10. Admitted that the City of Cape Coral is a Florida municipal corporation located in Lee County, Florida and an employer under Title VII.

11. Admitted.

12. Admitted that at times during her employment with the City of Cape Coral Plaintiff performed some of her job duties in an operational standard or above operational standard manner. All remaining allegations of this paragraph are denied.

13. Admitted that at times during her employment with the City of Cape Coral Plaintiff performed some of her job duties in an operational standard or above operational standard manner. All remaining allegations of this paragraph are denied.

14. Admitted that when facing disciplinary action on January 29, 2016 Plaintiff alleged that inappropriate comments had been made by a co-employee relating to co-workers, supervisors, and others. All remaining allegations of this paragraph, including each every subpart thereof, are denied.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff contributed toward a confrontation and stressful working environment and, along with other employees, was disciplined. All remaining allegations of this paragraph are denied.

19. Admitted that several employees and members of the public made complaints about statements and behavior on the part of Ms. Garcia. All remaining allegations of this paragraph are denied.

20. Admitted that several employees and members of the public made complaints about statements and behavior on the part of Ms. Garcia. All remaining allegations of this paragraph are denied.

21. Admitted that the City of Cape Coral fully investigated complaints by and against Plaintiff and other employees within the Permitting Section of the Building Division of the Department of Community Development. All remaining allegations of this paragraph are denied.

22. Admitted that complaints of a stressful working environment within the Permitting Section of the Building Division of the Department of Community Development, to which Plaintiff contributed, were made and investigated. All remaining allegations of this paragraph are denied.

23. Admitted that complaints of a stressful working environment within the Permitting Section of the Building Division of the Department of Community Development, to which Plaintiff contributed, were made and investigated. All remaining allegations of this paragraph are denied.

24. Denied.

25. Admitted that Plaintiff simply requested a lateral transfer. All remaining allegations of this paragraph are denied.

26. Denied.

## COUNT I- RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27. Defendant readopts and realleges its answers to paragraphs 1 through 26 as if specifically set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## AFFIRMATIVE DEFENSES

In further answering and responding to the allegations of Plaintiff's Complaint Defendant affirmatively alleges as follows:

1. All decisions, including but not limited to employment decisions, made by Defendant with respect to Plaintiff were made in good faith for legitimate, non-discriminatory business reasons.

2. At all times Defendant acted equitably and in good faith and without malice toward Plaintiff and without any intent to deprive Plaintiff of any employment rights.

3. No known act, omission, or alleged breach of duty by Defendant proximately caused any damages to Plaintiff.

4. Plaintiff was treated no differently than other similarly situated employees outside her protected class with respect to any term and/or condition of employment.

5. Plaintiff's claim for damages, including pre-judgment interest, is barred to the extent that she failed to exercise reasonable diligence in mitigating her damages.

6. Defendant has a policy of prohibiting unlawful discrimination, harassment, and retaliation in the workplace and exercised reasonable care to prevent any alleged discriminatory, harassing, or retaliatory conduct.

7. Plaintiff's claim for damages is subject to the limitations set forth in Title VII and other applicable laws, and Plaintiff is not entitled to recover damages not otherwise available under applicable law.

8. To the extent that Plaintiff has received benefits from collateral sources or other setoffs or recoupment's, Plaintiffs claim should be barred or reduced accordingly.

9. Plaintiff's claims are barred to the extent they were not alleged or encompassed within the administrative charge filed by Plaintiff or the administrative investigation thereof.

10. Defendant at no time engaged in willful discriminatory conduct and at no time engaged in any discriminatory practices or conduct with malice or reckless indifference to Plaintiff's rights and, therefore, Plaintiff's claim should be barred or reduced accordingly.

11. The City of Cape Coral exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by the employer to avoid harm, and, therefore, her claim is barred.

12. At no time did Plaintiff's working conditions become so intolerable that a reasonable person in her position would have felt compelled to resign and, therefore, her claim for constructive discharge is barred.

13. Count I of the Complaint, including the readopted and realleged general allegations, fails to state a claim upon which relief can be granted.

14. To the extent Plaintiff relies upon events, allegations, or claims occurring outside the applicable statute of limitations, those events, allegations, or claims are barred.

15. Defendant's conduct and treatment of Plaintiff was based on legitimate, non-discriminatory, non-retaliatory reasons unrelated to her alleged complaints. In the alternative, if any action taken by Defendant was motivated in part by discrimination and retaliation, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

16. To the extent Defendant discovers information after Plaintiff's separation from employment revealing that she engaged in misconduct during her employment, and Defendant would have discharged Plaintiff for engaging in the misconduct had it known about it before she separated, the after-acquired evidence doctrine bars or limits Plaintiff's claims or damages.

17. To the extent that Plaintiff failed to fulfill her statutory duties to conciliate her claims brought under Title VII, those claims are barred.

Respectfully submitted,

_____
Robert C. Shearman

I HEREBY CERTIFY that on December 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

KRISTIE A. SCOTT, ESQUIRE
Knott Ebelini Hart
1625 Hendry Street, #301
Fort Myers, FL 33901
kscott@knott-law.com
jherr@knott-law.com
Attorneys for Plaintiff

        HENDERSON, FRANKLIN, STARNES
          & HOLT
        Attorneys for Defendant
        Post Office Box 280
        Fort Myers, Florida 33902-0280
        Telephone: 239.344.1346
        Facsimile: 239.344.1501
        Primary: robert.shearman@henlaw.com
        Secondary: Courtney.ward@henlaw.com

By: _____
        Robert C. Shearman
        Florida Bar No. 614025